# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL ROBERT DELUNA,

    Plaintiff,

v.   No. 1:20-cv-01012-LF

JANE C. LEVY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND
## GRANTING LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 2, 2020 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 2, 2020 ("Application").

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed in forma pauperis should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *See* Adkins *v. E.I.* DuPont *de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $1,333.33; (ii) his average monthly expenses total $1,725.00; and (iii) Plaintiff has $250.00 in cash and $35.00 in a bank account. *See* Second Application at 1-2, 4-5. The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because his monthly expenses exceed his monthly income.

**The Complaint**

After the mother of Plaintiff's children died, the mother's parents petitioned for guardianship. *See* Complaint at 2. Plaintiff is a respondent in the guardianship proceeding which is currently pending in state court. *See In the Matter of D., R.D., et al.*, New Mexico Second Judicial District Court case No. D-202-DM-202001026 (showing a guardianship hearing is set for November 19, 2020). The only relief Plaintiff seeks from this Court is to restore the custody of his children. *See* Complaint at 5.

It appears that the Court does not have subject-matter jurisdiction over Plaintiff's claim pursuant to the *Younger* abstention doctrine. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought

before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff shall show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction pursuant to the *Younger* abstention doctrine or file an amended complaint that shows the Court has subject-matter jurisdiction over Plaintiff's claims.

**Proceedings In Forma Pauperis**

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend").  While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because Plaintiff has not stated a claim over which the Court has jurisdiction and because Plaintiff has not provided the Defendants' addresses.  The Court will order service if: (i) Plaintiff shows cause why this case should not be dismissed for lack of subject-matter jurisdiction or files an amended complaint that states a claim over which the Court has jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

    **IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 2, 2020, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, either show cause why the Court should not dismiss this case pursuant to the *Younger* abstention doctrine or file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge

4