IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL ROBERT DELUNA,

      Plaintiff,

v.                                                             No. 1:20-cv-01012-KG-JHR

JANE C. LEVY, et al.

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 6, filed October 23, 2020 ("Amended Complaint").

Plaintiff's original Complaint alleged that after the mother of Plaintiff's children died, the mother's parents petitioned for guardianship. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed October 2, 2020 ("Complaint"). Plaintiff is a respondent in the guardianship proceeding which is currently pending in state court. *See In the Matter of D., R.D., et al.*, New Mexico Second Judicial District Court case No. D-202-DM-202001026 (showing a guardianship hearing is set for November 19, 2020). The only relief Plaintiff sought from this Court was to restore the custody of his children. *See* Complaint at 5.

The Court notified Plaintiff that it appears that the Court does not have subject-matter jurisdiction over Plaintiff's claim pursuant to the *Younger* abstention doctrine stating:

> The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
> > (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve

> important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). *See* Mem. Op. and Order at 2-3, Doc. 5, filed October 5, 2020. The Court ordered Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction pursuant to the *Younger* abstention doctrine or file an amended complaint that shows the Court has subject-matter jurisdiction over Plaintiff's claims. *See* Doc. 5 at 4.

Plaintiff did not show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction pursuant to the *Younger* abstention doctrine. Instead, Plaintiff filed an Amended Complaint which, like the original Complaint, seeks only restoration of the custody of his children.

The Amended Complaint does not show that the Court has jurisdiction over this matter. In the "Jurisdiction" section of the Amended Complaint, Plaintiff indicates that the Court has jurisdiction pursuant to 33 U.S.C. § 931 and 18 U.S.C. § 242. *See* Amended Complaint at 2. The first statute, 33 U.S.C. § 931, sets forth the penalty for misrepresentation for the purpose of obtaining a benefit or payment under Longshore and Harbor Workers' Compensation Act; there are no allegations in the Amended Complaint that this case arises under the Longshore and Harbor Worker's Compensation Act. The second, 18 U.S.C. § 242, is a criminal statute which does not provide for a private right of action. *See e.g. Newcomb v. Ingle,* 827 F.2d 675, 677 n. 1 (10th Cir.1987) (noting § 241 does not authorize a private right of action); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The Amended Complaint also references "Deprivation of Civil Rights, Due Process clause 14th Amendment," but does not allege any facts supporting jurisdiction

pursuant to the Due Process Clause.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").  Finally, the Court does not have subject-matter jurisdiction over Plaintiff's claim pursuant to the *Younger* abstention doctrine because the only relief Plaintiff seeks, restoration of the custody of his children, can be adequately sought in the case pending in state court.

The Court dismisses this case without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**